UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| MARTIN J. WALSH, <br> Secretary of Labor, <br> United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> LA CATRINA MEXICAN RESTAURANT, INC., d/b/a LA CATRINA, a Florida corporation, and JUAN ZARINANA, an individual, <br><br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CASE NO. <br><br><br><br><br><br><br><br><br><br><br><br> **COMPLAINT** <br> **(Injunctive Relief Sought)** |

Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor ("Plaintiff") brings this action pursuant to § 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., hereinafter the "Act", to have Defendant La Catrina Mexican Restaurant, Inc. d/b/a La Catrina, and Defendant Juan Zarinana (hereinafter referred to collectively as "Defendants") enjoined from violating the provisions of §§ 6, 7, 11(c), 15(a)(2), and 15(a)(5) of the Act, pursuant to § 16(c) of the Act, 29 U.S.C. § 216(c), to recover unpaid minimum wage and overtime compensation, together with an equal amount as liquidated damages.

I

This Court has jurisdiction over this action pursuant to §§ 16(c) and 17 of the Act and 28 U.S.C. §§ 1331 and 1345.

II

    A.    Defendant La Catrina Mexican Restaurant, Inc. d/b/a La Catrina is a Florida corporation having a place of business and doing business in Brevard County, Florida.

    B.    Defendant Juan Zarinana, doing business in Brevard County, Florida, at all times hereinafter mentioned acted directly or indirectly in the interest of the aforesaid corporation in relation to its employees and, therefore, is an employer within the meaning of § 3(d) of the Act, 29 U.S.C. § 203(d).

III

At all times hereinafter mentioned:

    A.    Defendant La Catrina Mexican Restaurant, Inc. d/b/a La Catrina, engaged in related activities performed either through unified operation or common control for a common business purpose, constitutes an enterprise within the meaning of § 3(r) of the Act, 29 U.S.C. § 203(r); and

    B.    Such enterprise, employing employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or

otherwise working on goods or materials that have been moved in or produced for commerce; and having an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated), constitutes an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of § 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A).

        C.    Defendants employed restaurant workers and paid those employees wages at a rate less than the applicable minimum hourly rate prescribed by said § 6 as now in effect or which hereafter may be made applicable by amendment thereto.

        D.    Defendants employed restaurant workers for more than 40 hours in a workweek without compensated those employees for hours worked in excess of 40 at an overtime rate of at least one and one-half times the regular rate at which such employee is employed.

IV

Defendants violated the provisions of §§ 6 and 15(a)(2) of the Act, 29 U.S.C. §§ 206 and 215(a)(2), by failing to pay employees employed in an enterprise engaged in commerce or in the production of goods for commerce, the applicable minimum hourly rate.

V

Defendants violated the provisions of §§ 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than 40 hours without compensating such employees for their employment in excess of such hours at rates not less than one and one-half times the regular rates at which they were employed.

VI

Defendants, employers subject to the provisions of the Act, violated the provisions of §§ 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), and Regulations found at 29 C.F.R. § 516 by failing to make, keep and preserve adequate and accurate records of the persons employed and of the wages, hours and other conditions and practices of employment maintained by them, as prescribed in the aforesaid Regulations.

VII

WHEREFORE, cause having been shown, Plaintiff prays for Judgment pursuant to § 17 of the Act, 29 U.S.C. § 217, permanently enjoining Defendants, their officers, agents, servants, employees and all persons in active concert or participation with them from violating the provisions of §§ 6(a), 7(a),

and 11(c) of the Act and pursuant to § 16(c) of the Act, 29 U.S.C. § 216(c), awarding back wages for a period of three (3) years and ten (10) months prior to the commencement of this action and an additional equal amount as liquidated damages to employees (as named in Appendix "A" attached hereto and made a part hereof and such other employees as hereafter may be identified and named prior to or at trial); and for such other and further relief as may be necessary and appropriate including interest on such back wages at the underpayment rate established by the Secretary of the Treasury, pursuant to 26 U.S.C. § 6621, from the date they became due until paid, and costs of this action.

        Respectfully submitted this 21st day of June, 2021.

| | |
|---|---|
| <u>ADDRESS</u>: | ELENA S. GOLDSTEIN<br>Acting Solicitor of Labor |
| Office of the Solicitor<br>U. S. Department of Labor<br>61 Forsyth Street, S.W.<br>Room 7T10<br>Atlanta, GA  30303 | TREMELLE I. HOWARD<br>Regional Solicitor<br><br>ROBERT L. WALTER<br>Counsel |
| Telephone:<br> (404) 302-5489<br> (404) 302-5438 (FAX) | By: *Jeremy K. Fisher*<br>      JEREMY K. FISHER<br>      Senior Trial Attorney<br>      GA Bar No. 132008 |
| Emails:<br><u>fisher.jeremy.k@dol.gov</u><br><u>ATL.FEDCOURT@dol.gov</u> | Office of the Solicitor<br>U.S. Department of Labor<br>Attorneys for Plaintiff. |