**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MARTIN J. WALSH,** Secretary of
Labor, United States Department of
Labor,

      **Plaintiff,**

v.   Case No:   6:21-cv-1052-CEM-GJK

**LA CATRINA MEXICAN**
**RESTAURANT, INC., AND JUAN**
**ZARINANA,**

      **Defendants.**

**REPORT AND RECOMMENDATION**[1]

This cause came on for consideration without oral argument on the following motion:

> **MOTION:** PLAINTIFF'S AMENDED MOTION TO APPROVE CONSENT JUDGMENT AND ORDER (Doc. No. 12)
>
> **FILED:** February 15, 2022
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

On June 21, 2021, Plaintiff filed a complaint against Defendants. Doc. No. 1. The Complaint alleges that Defendants violated provisions of the Fair Labor

---

[1] Magistrate Judge David A. Baker substituting for Magistrate Judge Gregory J. Kelly.

Standards Act ("FLSA"), 29 U.S.C ¶ 201 *et seq. Id.* at 1. In the complaint, Plaintiff requests an issuance of a permanent injunction enjoining Defendants from violating certain provisions of the FLSA and an award of unpaid wages and liquidated damages to the affected employees. Doc. Nos. 1 at 4-5, 2-1.

On February 15, 2022, Plaintiff filed an Amended Motion to Approve a Consent Judgment and Order (the "Motion") (Doc. No. 12) and attached a proposed Consent Judgment and Order requesting a permanent injunction and payment for back wages (the "Consent Judgment") as an Exhibit to the Motion. Doc. No. 12-1. The Motion provides that Defendants agree to the Consent Judgment and have otherwise stated no objections to the Motion or the Consent Judgment. Doc. No. 12 at 11. Additionally, the FLSA provides that "district courts . . . shall have jurisdiction, for cause shown, to restrain violations of . . . the restraint of any withholding of payment of minimum wages or overtime compensation found by the court to be due to employees under [the FLSA]." 29 U.S.C. § 217.

It is well established in the Eleventh Circuit "an injunction demanding that a party do nothing more specific than 'obey the law' is impermissible." *Elend v. Basham*, 471 F.3d 1199, 1209 (11th Cir. 2006) (citing *Burton v. City of Belle Glade*, 178 F.3d 1175, 1201 (11th Cir. 1999)). But the Eleventh Circuit has recognized that an injunction that orders a defendant to comply with a statute may be appropriate, as dictated by Supreme Court precedent. *S.E.C. v. Goble*, 682 F.3d 934, 950 (2012)

(referencing *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191-95 (1949)). In *McComb v. Jacksonville Paper Co.*, the Supreme Court upheld a decree that directed the defendants to obey the minimum wage, overtime, and record keeping provisions of the Fair Labor Standards Act. *Id.*

In *United States v. Askins & Miller Orthopaedics, PA*, the Eleventh Circuit reversed the district court's denial of an injunction requiring compliance with the Internal Revenue Code, acknowledging that injunctions requiring compliance with the law are permissible where they are specific enough to identify the conduct to be enjoined. 924 F.3d 1348, 136 (11th Cir. 2019). Similar to the injunction in *Askins & Miller*, the injunction requested in this case describes the conduct to be enjoined with enough specificity.

These lines of cases create a certain tension when a court is presented with a proposed consent order that in large part merely tracks existing statutory requirements. Reading the dictates of the Supreme Court (*McComb*) and the Eleventh Circuit together, it is apparent that "obey-the-law" injunctions are disfavored as a general rule, but exceptions exist. In particular, FLSA cases are recognized as appropriate for such injunctions because the terms of the FLSA statute are specific. Even in non-FLSA cases, injunctions are permissible if sufficient details have been set forth.

In this case, the proposed order clearly identifies the specific FLSA

provisions relied upon and identifies the practices subject to the order so that Defendants will be properly on notice as what future conduct is proscribed. In addition, of course, the proposed Order gives detailed direction regarding payment of back pay for listed employees. Given these circumstances, the proposed agreed order is proper.

Accordingly, it is **RECOMMENDED** as follows:

1. That Plaintiff's Motion (Doc. No. 12) be **GRANTED**;
2. That the Court approve and enter the Consent Judgment (including attachment) as submitted by the parties at Doc. No. 18.
3. That the Clerk be directed to close the case.

## NOTICE TO PARTIES

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

- 5 -

**RECOMMENDED** in Orlando, Florida, on May 18, 2022.

                              *David A. Baker*
                              DAVID A. BAKER
                              UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties